1
2
3
4
5
6
7
8
# United States District Court
9
## Eastern District of California
10
11
12   DAVID EUGENE LANCASTER,                    CV 06-1008 TJH
13                     Petitioner,
14          v.
15   ATTORNEY GENERAL FOR THE                   Order
     STATE OF CALIFORNIA, *et al.*,
16
17                     Respondents.
18
19          The Court has considered Petitioner's petition for *habeas corpus*, together with
20   the moving and opposing papers.
21          After the California Board of Prison Terms ("Board") found Petitioner
22   unsuitable for parole in 2004, Petitioner filed a petition for *habeas corpus* claiming
23   insufficient evidence for the decision.
24          A parole board determines whether a prisoner is too dangerous for parole  by
25   applying factors set forth in the California Code of Regulations.   *Hayward v.*
26   *Marshall*, 512 F.3d 536, 543 (9th Cir. 2008).   The factors tending to show

unsuitability for parole include: (1) The prisoner committed the offense in a particular heinous, atrocious, or cruel manner; (2) The prisoner has a previous record of violence; (3) The prisoner has an unstable social history; (4) The prisoner has committed sadistic sexual offenses; (5) The prisoner has a history of mental or psychological problems; and (6) The prisoner has engaged in serious misconduct while in prison. *Hayward*, 512 F.3d at 543. The factors tending to show suitability for parole include: (1) The prisoner has no juvenile record; (2) The prisoner has a stable social history; (3) The prisoner has shown signs of remorse; (4) The prisoner was motivated to commit the crime out of stress; (5) The prisoner suffered from Battered Woman Syndrome; (6) The prisoner lacks a significant criminal history; (7) The prisoner's age reduces the probability of recidivism; (8) The prisoner has realistic plans for release; and (9) The prisoner's behavior in prison indicates an ability to function within the law upon release.     *Hayward*, 512 F.3d at 543.

The Ninth Circuit clarified the applicable standard in parole cases in *Hayward v. Marshall*, 512 F.3d 536, 543 (9th Cir. 2008), explaining that "some evidence of the existence of a particular factor does not necessarily equate to some evidence the parolee's release unreasonably endangers the public safety." The Board complied with *Hayward* in finding that Petitioner posed an unreasonable danger to public safety based on several factors.

The Board's decision listed several reasons for denying Petitioner parole. First, the commitment offense demonstrated a disregard for human life and was carried out in an exceptionally violent and brutal manner. After a verbal exchange, Petitioner went to a park in anticipation of a fight and pulled out a gun firing multiple shots at two individuals. Second, Petitioner has a prior criminal record. Petitioner received three years probation for grand theft auto and was on probation at the time of the commitment offense. Third, Petitioner's psychological evaluation was somewhat

1  inconclusive, stating: "Violence potential for inmate Lancaster appears lower than the
2  average inmate but lower than in free society."   The Board found another
3  psychological evaluation was necessary to evaluate Petitioner's dangerousness
4  because the most recent evaluation was ambiguous.   Fourth, Petitioner committed a
5  serious disciplinary violation of mutual combat on August 24, 2003.   Finally, the
6  Board found that Petitioner did not have suitable plans for parole in California.

7       The Board's decision indicates that it considered many factors in finding that
8  Petitioner posed an unreasonable danger to public safety if released on parole.

9

10      It is Ordered that the petition be, and hereby is, Denied.

11

12  Date:  September 10, 2009

13  _____
14                    Terry J. Hatter, Jr.
15              Senior United States District Judge